1  McGREGOR W. SCOTT
   United States Attorney
2  ROGER YANG
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,           | CASE NO.  2:18-CR-00203 WBS
12 |                      Plaintiff,      | STIPULATION REGARDING EXCLUDABLE
   |                                      | TIME PERIODS UNDER SPEEDY TRIAL ACT;
13 |          v.                          | FINDINGS AND ORDER
14 | JACK RAY SNYDER,                     | DATE: July 20, 2020
   |                                      | TIME: 9 a.m.
15 |                      Defendant.      | COURT: Hon. William B. Shubb
16

17        This case is set for change of plea on July 20, 2020.  On May 13, 2020, this Court issued General

18 Order 618, which suspends all jury trials in the Eastern District of California "until further notice."

19 Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C.

20 § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

21 emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,

22 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were

23 entered to address public health concerns related to COVID-19.

24        Although the General Orders address the district-wide health concern, the Supreme Court has

25 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

26 openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

27

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

*Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   pretrial continuance must be "specifically limited in time").

2                                                        **STIPULATION**

3            Plaintiff United States of America, by and through its counsel of record, and defendant, by and

4    through defendant's counsel of record, hereby stipulate as follows:

5            1.       By previous order, this matter was set for change of plea on July 20, 2020.

6            2.       By this stipulation, the parties now moves to continue the status conference until August

7    24, 2020, and to exclude time between July 20, 2020, and August 24, 2020, under Local Code T4.

8            3.       The parties agree and stipulate, and request that the Court find the following:

9            a)       The government has represented that the discovery associated with this case

10   includes approximately 15,000 Bates stamped pages, as well as 2 video and audio CDs.  All of

11   this discovery has been either produced directly to counsel and/or made available for inspection

12   and copying.  During the plea colloquy, additional factual issues were created by the defendant.

13           b)       Counsel for defendant desires additional time to review the discovery, consult

14   with the defendant, and confer about potential resolution – including the means and methods of

15   providing restitution.  Counsel for defendant also needs additional time to investigate assertions

16   made during the plea colloquy.  Consultation with the client has been made more difficult as a

17   result of COVID-19, initially because the defendant had been suffering from an upper respiratory

18   illness which is resolving but to which he is still susceptible. In addition counsel and client need

19   to resolve technical difficulties to allow an appearance by video.

20           c)       Counsel for defendant believes that failure to grant the above-requested

21   continuance would deny him/her the reasonable time necessary for effective preparation, taking

22   into account the exercise of due diligence.

23           d)       The government does not object to the continuance.

24           e)       In addition to the public health concerns cited by the General Orders and

25   declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

26   ends-of-justice delay is particularly apt in this case because the defendant needs to resolve

27   technical issues to potentially appear via video.

28           f)       Based on the above-stated findings, the ends of justice served by continuing the

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 1, 2020 to June 15, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

    IT IS SO STIPULATED.

Dated:  July 20, 2020                  McGREGOR W. SCOTT
                                      United States Attorney

                                      /s/ ROGER YANG
                                      ROGER YANG
                                      Assistant United States Attorney

Dated:  July 20, 2020                  /s/ James A. Lassart
                                      James A. Lassart
                                      Counsel for Defendant
                                      Jack Ray Snyder

## FINDINGS AND ORDER

    IT IS SO FOUND AND ORDERED.

Dated:  July 20, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

4