1  McGREGOR W. SCOTT
   United States Attorney
2  ROGER YANG
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5
   Attorneys for Plaintiff
6  United States of America

7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,          CASE NO. 2:18-CR-00203 WBS

                      Plaintiff,      STIPULATION TO CONTINUE SENTENCING;
12                                    FINDINGS AND ORDER
            v.
13                                    DATE: April 5, 2021
   JACK RAY SNYDER,                   TIME: 10:00 a.m.
14                                    COURT: Hon. William B. Shubb
                      Defendant.
15

16
        This case is set for sentencing on April 4, 2021. On May 13, 2020, this Court issued General
17
   Order 618, which suspends all jury trials in the Eastern District of California "until further notice."
18
   Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C.
19
   § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial
20
   emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,
21
   2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were
22
   entered to address public health concerns related to COVID-19.
23
        Although the General Orders and declarations of emergency address the district-wide health
24
   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision
25
   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record
26

27
   ───────────────
28      [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME          1
   PERIODS UNDER SPEEDY TRIAL ACT

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   for the sentencing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2   continuance must be "specifically limited in time").

3                                          **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5   through defendant's counsel of record, hereby stipulate as follows:

6          1.      By previous order, this matter was set for sentencing on April 5, 2021.

7          2.      By this stipulation, the parties now move to continue the sentencing hearing until May

8   24, 2021, and to exclude time between April 5, 2021, and May 24, 2021.  The parties acknowledge that

9   the Speedy Trial Act does not apply to sentencing, but to the extent time needs to be excluded, the

10  parties agree to exclude time.

11         3.      The parties agree and stipulate, and request that the Court find the following:

12                 a)      This case is ready for sentencing.

13                 b)      The defendant was interviewed for the pre-sentence report on November 18,

14  2020.  A draft pre-sentence report was disclosed to the parties on February 23, 2021.  To give

15  reasonable time to prepare the pre-sentence report, the parties agree to continue the sentencing.

16  The new schedule for disclosure would be: April 26, 2021 for informal objections; May 3, 2021

17  for disclosure of the final pre-sentence report; May 10, 2021 for formal objections; and May 17,

18  2021 for any replies to formal objections.

19                 c)      Counsel for defendant believes that failure to grant the above-requested

20  continuance would deny him/her the reasonable time necessary for effective preparation, taking

21  into account the exercise of due diligence.

22                 d)      The government does not object to the continuance.

23                 e)      In addition to the public health concerns cited by the General Orders and

24  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

25  ends-of-justice delay is particularly apt in this case because the defendant prefers an in-person

26  sentencing and would like his family to be able to attend the sentencing.

27                 f)      Based on the above-stated findings, the ends of justice served by continuing the

28  case as requested outweigh the interest of the public and the defendant in a trial within the

1   original date prescribed by the Speedy Trial Act.

2          g)     The parties recognize that the Speedy Trial Act does not apply because the

3   defendant has pleaded guilty, but to the extent necessary, the defendant stipulates that this delay

4   is reasonable and waives any challenge regarding the timing of his sentencing hearing. The

5   parties request that the Court find that the ends of justice served by taking such action outweigh

6   the best interest of the public and the defendant in a speedy trial.

7          4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

8   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

9   must commence.

10         IT IS SO STIPULATED.

11

12  Dated:  February 25, 2021                     McGREGOR W. SCOTT
                                                  United States Attorney

13

14                                                /s/ ROGER YANG
                                                  ROGER YANG
15                                                Assistant United States Attorney

16

17  Dated:  February 25, 2021                     /s/ James A. Lassart
                                                  James A. Lassart
18                                                Counsel for Defendant
                                                  JACK RAY SNYDER

19

20

21                              **FINDINGS AND ORDER**

22

23         IT IS SO FOUND AND ORDERED.

24         Dated:  February 26, 2021

25                                                WILLIAM B. SHUBB
                                                  UNITED STATES DISTRICT JUDGE

26

27

28